1  Richard J. Annen, Esq. (SB #91956)
   Todd R. Gabriel, Esq. (SB #119750)
2  SPARBER RUDOLPH ANNEN, APLC
   701 "B" Street, Suite 1400
3  San Diego, CA 92101-8109
   Telephone:    (619) 239-3600
4  Facsimile:    (619) 239-5601

5  Attorneys for IRA Resources, Inc., a California corporation

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        SOUTHERN DIVISION

11

12  LEONARD A. ALKOV, et al.              )Case No.: SACV09-764 AG(RBNX)
                                          )
13                                        )
                Plaintiffs,               )**DEFENDANT IRA RESOURCES, INC.'S**
14                                        )**COUNTERCLAIM**
                                          )
15         v.                             )
                                          )
16                                        )
    JOHN ANTHONY MILLER, et al., and DOES )
17  1 through 10, inclusive,              )
                                          )
18                                        )
                Defendants.               )
19  _____  )
    IRA RESOURCES, INC., a California     )
20  corporation,                          )
                                          )
21                                        )
                Counter-Complainant,      )
22                                        )
           v.                             )
23                                        )
    LEONARD A. ALKOV, et al., and ROES 1  )
24  through 20, inclusive,                )
                                          )
25                                        )
                Counter-Defendants        )
26  _____  )    **JURY TRIAL DEMANDED**

27

28

1    TO THE COURT, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    Counter-Complainant IRA Resources, Inc., hereby submits this Counterclaim for causes of action

3    against Counter-Defendants Michael Cannon; Brenda Cannon; Vibulsri Chunapongse; James K.

4    Crampton and June Crampton; Thomas Crampton; Vicki Crampton; Hugh G. Evans; Judy A.

5    Evans; Bernard Germani, Jr.; Sharon D. Groody; Thomas E. Hevesy; Hannelore Hevesy; Larry

6    Dean Heyl; Susan S. Hodne; Margaret Kuhn; Stephen C. Kuhn; Susan Leslie; Lori McMillan;

7    William A. McMillan; Arnold Miller and Barbara Miller; Bruce J. Mrosko and Christine J.

8    Hopkins; Robert C. Pace; Ann Rosas; Dixon Rosas; Gregory S. Saryan and Derouhe Saryan; and

9    Jennifer Uranga and ROES 1 through 20, inclusive.  Counter-Complainant hereby states and alleges

10   as follows:

11

12                                      **Parties**

13   1.   Counter-Complainant IRA Resources, Inc., (IRA Resources) is now, and at all times

14   mentioned herein was, a corporation, organized and existing under the laws of the State of

15   California, and doing business within the County of San Diego, State of California.

16   2.   Upon information and belief, Counter-Defendant Michael Cannon (M. Cannon) is an

17   individual whose primary residence is in the State of South Carolina.  M. Cannon is a named

18   plaintiff in this action.

19   3.   Upon information and belief, Counter-Defendant Brenda Cannon (B. Cannon) is an

20   individual whose primary place of residence is in the State of South Carolina.  B. Cannon is a

21   named plaintiff in this action.

22   4.   Upon information and belief, Counter-Defendant Vibulsri Chunapongse (Chunapongse) is

23   an individual whose primary place of residence is in Los Angeles County, California.  Chunapongse

24   is a named plaintiff in this action.

25   5.   Upon information and belief, Counter-Defendant James K. Crampton  and June Crampton

26   (collectively "Crampton") are husband and wife whose primary place of residence is in Los Angeles

27   County, California.  Crampton is a named plaintiff in this action.

28   6.   Upon information and belief, Counter-Defendant Thomas Crampton (T. Crampton) is an

1

1  individual whose primary place of residence is in the State of Oregon.  T. Crampton is a named

2  plaintiff in this action.

3      7.   Upon information and belief, Counter-Defendant Vicki Crampton (V. Crampton) is an

4  individual whose primary place of residence is in the State of Oregon.  V. Crampton is a named

5  plaintiff in this action.

6      8.   Upon information and belief, Counter-Defendant Hugh G. Evans (H. Evans) is an individual

7  whose primary place of residence is in Shasta County, California.  H. Evans is a named plaintiff in

8  this action.

9      9.   Upon information and belief, Counter-Defendant Judy A. Evans (J. Evans) is an individual

10  whose primary place of residence is in Shasta County, California.  J. Evans is a named plaintiff in

11  this action.

12      10. Upon information and belief, Counter-Defendant Bernard Germani, Jr. (Germani) is an

13  individual whose primary place of residence is in Los Angeles County, California.  Germani is a

14  named plaintiff in this action.

15      11. Upon information and belief, Counter-Defendant Sharon D. Groody (Groody) is an

16  individual whose primary place of residence is in Riverside County, California.  Groody is a named

17  plaintiff in this action.

18      12. Upon information and belief, Counter-Defendant Thomas E. Hevesy (T. Hevesy) is an

19  individual whose primary place of residence is in San Diego County, California.  T. Hevesy is a

20  named plaintiff in this action.

21      13. Upon information and belief, Counter-Defendant Hannelore Hevesy (H. Hevesy) is an

22  individual whose primary place of residence is in San Diego County, California.  H. Hevesy is a

23  named plaintiff in this action.

24      14. Upon information and belief, Counter-Defendant Larry Dean Heyl (Heyl) is an individual

25  whose primary place of residence is in Orange County, California.  Heyl is a named plaintiff in this

26  action.

27      15. Upon information and belief, Counter-Defendant Susan S. Hodne (S. Hodne) is an

28  individual whose primary place of residence is in Los Angeles County, California.  S. Hodne is a

2

named plaintiff in this action.

16. Upon information and belief, Counter-Defendant Margaret Kuhn (M. Kuhn) is an individual whose primary place of residence is in San Diego County, California. M. Kuhn is a named plaintiff in this action.

17. Upon information and belief, Counter-Defendant Stephen C. Kuhn (S. Kuhn) is an individual whose primary place of residence is in San Diego County, California. S. Kuhn is a named plaintiff in this action.

18. Upon information and belief, Counter-Defendant Susan Leslie (Leslie) is an individual whose primary place of residence is in San Diego County, California. Leslie is a named plaintiff in this action.

19. Upon information and belief, Counter-Defendant Lori McMillan (L. McMillan) is an individual whose primary place of residence is in Santa Clara County, California. L. McMillan is a named plaintiff in this action.

20. Upon information and belief, Counter-Defendant William A. McMillan (W. McMillan) is an individual whose primary place of residence is in Santa Clara County, California. W. McMillan is a named plaintiff in this action.

21. Upon information and belief, Counter-Defendant Arnold Miller and Barbara Miller (collectively "Miller") are husband and wife whose primary place of residence is in San Diego County, California. Miller is a named plaintiff in this action.

22. Upon information and belief, Counter-Defendant Bruce J. Mrosko and Christine J. Hopkins (collectively "Mrosko") are husband and wife whose primary place of residence is in Oceanside, San Diego County, California. Mrosko is a named plaintiff in this action.

23. Upon information and belief, Counter-Defendant Robert C. Pace (Pace) is an individual whose primary place of residence is in Orange County, California. Pace is a named plaintiff in this action.

24. Upon information and belief, Counter-Defendant Ann Rosas (A. Rosas) is an individual whose primary place of residence is in Orange County, California. A. Rosas is a named plaintiff in this action.

25. Upon information and belief, Counter-Defendant Dixon Rosas (D. Rosas) is an individual whose primary place of residence is in Orange County, California.  D. Rosas is a named plaintiff in this action.

26. Upon information and belief, Counter-Defendant Gregory S. Saryan and Derouhe Saryan (collectively "Saryan")  are husband and wife whose primary place of residence is in Los Angeles County,  California.  Saryan is a named plaintiff in this action.

27. Upon information and belief, Counter-Defendant Jennifer Uranga (Uranga) is an individual whose primary place of residence is in Los Angeles County, California.  Uranga is a named plaintiff in this action.

28. At all times relevant hereto, Counter-Defendants ROES 1 through 20, inclusive, whether individual, corporate, an association or otherwise, are fictitious names of Counter-Defendants whose true names and capacities are, at this time, unknown to Counter-Complainant. Counter-Complainant is informed and believe, and on this basis alleges, that at all times herein mentioned, each of these Counter-Defendants sued herein as a ROE was acting for himself, herself, or itself or as the agent, servant and/or employee of his or her or its Co-Counter-Defendants. Counter-Complainant is additionally informed and believes, and on that basis alleges, that each of said fictitiously-named Counter-Defendants, whether acting for himself, herself, itself or as an agent, corporation, association, joint venturer or otherwise, is in some way liable or responsible to the investors holding fractionalized interests in deeds of trust secured by the properties subject to this litigation, as described below, on the facts hereinafter alleged, and proximately caused the damages as alleged hereafter in this complaint.  At such time as said Counter-Defendants' true names become known to Counter-Complainant, Counter-Complainant will ask leave of this court to amend this complaint to insert said true names and capacities.

29. Upon information and belief, Counter-Complainant alleges that at all times herein mentioned, Counter-Defendants, including ROES 1 through 20, and each of them, were acting as the agents, servants and employees of each other, and were acting within the full course and scope of their employment, and with the permission and consent of the other Co-Counter-Defendants and each of them.

4

## General Allegations

30. Counter-Complainant IRA Resources is an administrator for self-directed retirement plans. An administrator is a company that offers record keeping for individual retirement accounts. It provides account record keeping and administration to individuals who want to have a self-directed IRA. It operates within a federal scheme codified in Section 408(a) of the Internal Revenue Code that allows individuals to hold their investments tax free as long as they have someone, like IRA Resources, administer their investments. The Internal Revenue Service does not allow an individual to do their own record keeping. It must be done by a third party who keeps track of the individual retirement account and completes all of the required reporting to the IRS in order to keep the money in a tax-deferred status.

31. IRA Resources' clients, including Counter-Defendants, expressly acknowledge that they are solely responsible for their investment decisions, IRA Resources' services do not include performing a due diligence of investments and that due diligence is their sole responsibility, that IRA Resources does not endorse or solicit any investments, and the clients agree to indemnify and hold IRA Resources harmless for any investments loses. The individuals come to IRA Resources with their investments, IRA Resources administers the investments and receives a minimal administration fee.

32. Counter-Complainant IRA Resources' procedure is that it receives at its office in San Diego, California completed contract forms, including, account application and investment directive from a person (i.e., participant) desiring to open a self-directed individual retirement account in accordance with Section 408(a) of the Internal Revenue Code. Counter-Complainant IRA Resources reviews the contract forms for completeness. If properly completed, and the proposed investment is not prohibited as defined by the Internal Revenue Service, Counter-Complainant IRA Resources then accepts the application and agrees to act as the administrator of the participant's self-directed individual retirement account. Counter-Complainant IRA Resources followed this procedure in opening accounts for each of the Counter-Defendants. After opening the accounts, per the contracts, Counter-Complainant IRA Resources acted as a mere passive administrator of the Counter-Defendants' self-directed retirement accounts; Counter-Defendants were solely responsible

5

1   for all investment decisions.

2       33. Counter-Complainant IRA Resources entered into written contracts with the Counter-

3   Defendants to provide self-directed plan record keeping services for their self-directed accounts.

4   The written contracts expressly defined Counter-Complainant IRA Resources's role with respect

5   to the Counter-Defendants as a mere administrator.  As acknowledged by the Counter-Defendants,

6   Counter-Complainant IRA Resources did not provide any investment advice; did not promote any

7   investments; and did not review or conduct any due diligence concerning the advisability or

8   suitability of any investment.  Instead, as acknowledged in their written contracts, the Counter-

9   Defendants made their own investment decisions and assumed full responsibility for the success

10  or failure of their self-selected investments.

11      34. The Counter-Defendants have expressly agreed to release, indemnify, defend, and hold

12  Counter-Complainant IRA Resources harmless from any losses that they sustained as a result of

13  IRA Resources following their investment directives and administering their self-directed accounts.

14  The written agreements that Counter-Complainant entered into with Counter-Defendants limited

15  Counter-Complainant's duties to Counter-Defendants. The Counter-Defendants acknowledged that

16  Counter-Complainant had no duty to investigate, select or monitor Counter-Defendants'

17  investments and would indemnify and hold Counter-Complainant harmless from any liability for

18  losses that Counter-Defendants suffered related to their self-directed investments.  The written

19  agreements repeatedly advised that Counter-Defendants were to make their own investment choices,

20  and that Counter-Complainant would carry out direct written investment instructions and account

21  for Counter-Defendants' funds in its possession, but undertook no responsibility for the soundness

22  of the investment choice or the performance of the investment.  Counter-Complainant retained no

23  discretion as to Counter-Defendants' choice of investment, nor any responsibility for advising about

24  the risk of any investments.  Those functions were expressly excluded from their relationship, and

25  allocated to Counter-Defendants as part of Counter-Defendants' authority to self-direct their

26  accounts.  The relationship was confined to Counter-Complainant's record keeping performance

27  of transactions selected by the Counter-Defendants; Counter-Complainant had no responsibility to

28  advise Counter-Defendants with regard to the wisdom of their investment choices.

# First Cause of Action

## BREACH OF CONTRACT

## (Against all Counter-Defendants)

35. Counter-Complainant realleges and incorporates by reference all succeeding and previous paragraphs as though alleged in full in this cause of action.

36. Each of the Counter-Defendants entered into a contract with Counter-Complainant IRA Resources to administer their self-directed individual retirement account.   The contractual relationship between Counter-Complainant and Counter-Defendants was comprised of several written agreements. Since these agreements relate to the same matters, between the same parties, they are parts of one transaction and are to be taken together.   Pursuant to these agreements, Counter-Defendants entered into a contract with Counter-Complainant IRA Resources to administer their self-directed individual retirement account.

37. Pursuant to their contracts, Counter-Defendants agreed that IRA Resources assumed no responsibility—express or implied—for any loss or diminution of their self–directed individual retirement account, and expressly agreed to indemnify and hold harmless IRA Resources without limitation against any and all losses, costs, expenses, or liabilities of any nature whatsoever incurred as a result of IRA Resource's execution of Counter-Defendants' investment instructions.

38. Under the terms of their contracts, Counter-Defendants directed that any contributions they made to their self-directed IRA account were to be deposited by IRA Resources to a custodial account until such time as they delivered to IRA Resources investment instructions to the contrary. Counter-Defendants further agreed to be solely responsible for all investment decisions they made and to indemnify and hold harmless IRA Resources for any losses that they might incur as a result, direct or indirect, of IRA Resources' execution of their investment instructions.

39. Pursuant to the account application agreements that Counter-Defendants signed, Counter-Defendants acknowledged that investment decisions that they made were solely their responsibility, that Counter-Complainant offered no investment advise or endorsement, that Counter-Complainant would have no liability, responsibility, or fiduciary role related to Counter-Defendants' investment selections, including suitability or performance of the investments, compliance with any state or

1   federal law or regulation, income or expense, or preservation of capital or income,  and that

2   Counter-Defendants would indemnify and hold harmless Counter-Complainant.

3       40. Pursuant to the plan document under which the Counter-Defendants' individual account was

4   established as referred to in the application agreements, Counter-Defendants acknowledged that

5   Counter-Complainant assumed no responsibility for any loss related to Counter-Defendants'

6   investment choices and that Counter-Defendants would indemnify and hold Counter-Complainant

7   harmless without limitation against all loses, costs, expenses or liabilities of any nature whatsoever

8   incurred as a result of Counter-Complainant following Counter-Defendant's investment

9   instructions.

10      41. Thereafter, Counter-Defendants completed a transfer request regarding opening their

11  account with Counter-Complainant.  In that agreement, Counter-Defendants expressly agreed to

12  hold Counter-Complainant harmless from any liability.

13      42. Counter-Defendants then executed written investment instructions directing IRA Resources

14  to invest their funds.  In that agreement, Counter-Defendants again confirmed that Counter-

15  Complainant had not solicited Counter-Defendant, that Counter-Defendant was solely responsible

16  for the investment, and Counter-Defendant would hold Counter-Complainant harmless from any

17  losses.

18      43. Counter-Defendants have sued Counter-Complainant IRA Resources in the present lawsuit

19  alleging damages because they allegedly lost their investments.

20      44. Counter-Defendants breached their contracts by filing suit against Counter-Complainant

21  IRA Resources and seeking to hold IRA Resources liable for alleged losses that they incurred as a

22  result of their investments.

23      45. Despite Counter-Defendants' breach of their contracts, Counter-Complainant IRA

24  Resources has performed and continues to fully perform all its obligations under the contracts,

25  except those obligations that Counter-Complainant was prevented or excused from performing.

26      46. As a direct and proximate result of Counter-Defendants' breach of their contracts, Counter-

27  Complainant IRA Resources is entitled to recover from Counter-Defendants all damages incurred

28  by IRA Resources as a result of the present action, which damages are in  an amount within the

8

1  jurisdiction of this court and to be proven at trial.

2

3  # Second Cause of Action

4  ## Promissory Estoppel

5  ### (Against all Counter-Defendants)

6  47. Counter-Complainant realleges and incorporates by reference all succeeding and previous

7  paragraphs as though alleged in full in this cause of action.

8  48. Counter-Defendants entered into a contract with Counter-Complainant IRA Resources to

9  administer their self-directed individual retirement accounts.

10  49. Pursuant to their contracts, Counter-Defendants agreed that IRA Resources assumed no

11  responsibility—express or implied—for any loss or diminution of their self–directed individual

12  retirement account, and expressly agreed to indemnify and hold harmless IRA Resources without

13  limitation against any and all losses, costs, expenses, or liabilities of any nature whatsoever incurred

14  as a result of IRA Resource's execution of Counter-Defendants' investment instructions.

15  50. Counter-Complainant relied on Counter-Defendants' promise.

16  51. Counter-Complainant's reliance on the promise was reasonable and foreseeable.

17  52. Counter-Defendants breached the promise by filing suit against Counter-Complainant IRA

18  Resources and seeking to hold Counter-Complainant IRA Resources liable for alleged losses that

19  they incurred as a result of their investments.

20  53. Counter-Complainant has been damaged as a result of Counter-Complainant's reliance on

21  Counter-Defendants' promise.

22  54. An injustice can be avoided only by enforcement of the promise.

23  55. As a result of Counter-Defendants' breach of his promise, IRA Resources is entitled to

24  recover from Counter-Defendants all damages incurred by IRA Resources as a result of the present

25  action filed by Counter-Defendants, which damages are in an amount within the jurisdiction of this

26  court and to be proven at trial.

27  / / /

28  / / /

9

# Prayer for Relief

WHEREFORE, Counter-Complainant prays for judgment as follows:

1.     That    Plaintiffs/Counter-Defendants'    complaint    be    dismissed    and    that Plaintiffs/Counter-Defendants  have and recover nothing from Defendant/Counter-Complainant;

2.     That    judgment    be    entered    in    favor    of    Counter-Complainant    and    against Plaintiffs/Counter-Defendants in an amount to be proven at trial, including judgment that Counter-Defendants are obligated to indemnify Counter-Complainant for all expenses incurred by Counter-Complainant as a result of Counter-Defendants' lawsuit;

3.     Compensatory damages;

4.     That Counter-Complainant be awarded its attorneys' fees;

5.     That Counter-Complainant be awarded its costs and expenses of suit; and

6.     For such other and further relief as the court may deem just and proper.


                                    SPARBER RUDOLPH ANNEN


Dated: October 25, 2009               By: /s/
                                          Richard J. Annen, Esq. (SB #91956)
                                          Todd R. Gabriel, Esq. (SB #119750)
                                          Attorneys   for   Defendant/Counter-Complaint   IRA
                                          Resources, Inc.

1

## <u>Demand for Jury Trial</u>

2
3

    Defendant IRA Resources, Inc., hereby demands a jury trial as provided by Federal Rules of Civil Procedure 38.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

1

**DECLARATION OF SERVICE**

2

The undersigned declares as follows:

3

I am employed with Sparber Rudolph Annen APLC, whose address is 701 "B" Street, Suite 1000, San Diego, California 92116.  I am over the age of eighteen and not a party to this action.

4

5

On the date shown below, I served the following document(s):

6

**1. Defendant  IRA  RESOURCES,  INC.'S  Defendant  IRA  RESOURCES,  INC.'S COUNTERCLAIM**

7

8

**( √ ) BY ELECTRONIC FILING AND MAIL: Documents were served by electronic mail** pursuant to United States District Court Central District of California, Southern Division Electronic Case Filing Administrative Policies and Procedures to the electronic mail address listed below:

9

William L. Buus, Esq.

10

Buus Kim Kuo & Tran APC
4675 MacArthur Court, Suite 560

11

Newport Beach, CA 92660
Telephone:  (949) 863-9782

12

Facsimile:  (949) 863-9783
E-mail:     bbus@bkktlaw.com

13

**( √ ) STATE**: I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

14

15

Executed **on October 25, 2009,**  at San Diego, California.

16

17

/s/
_____
Todd R. Gabriel

18

19

20

21

22

23

24

25

26

27

28

12