UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 09-0764 AG (RNBx)** | Date | March 22, 2010 |
|---|---|---|---|
| Title | ALKOV, ET AL. v. MILLER, ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Nancy Boehme | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**   **ORDER DENYING COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS**

Counterclaim Defendants Michael Cannon and others ("Movants") move to dismiss ("Motion") the breach of contract and promissory estoppel counterclaims filed by Counterclaimant IRA Services ("IRA Services"). The court sought supplemental briefing on the issue of whether to decide the enforceability of a hold harmless provision in a self-directed individual retirement account at the motion to dismiss stage. After considering all papers and arguments submitted, the Court DENIES the Motion.

**BACKGROUND**

The following factual allegations are taken from IRA Services' counterclaim ("Counterclaim"), and as it must for this Motion, the Court assumes them to be true.

Internal Revenue Code § 408(a) provides a way for citizens to enjoy tax free investing while working towards retirement. Under this Section, citizens may create tax free trust accounts, called Individual Retirement Accounts ("IRAs"). 26 U.S.C. § 408(a). Citizens cannot manage IRAs directly. *See id.* Rather, the Internal Revenue Code requires a bank

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 09-0764 AG (RNBx)** | Date | March 22, 2010 |
|---|---|---|---|
| Title | ALKOV, ET AL. v. MILLER, ET AL. | | |

or other approved third party to administer the investments and report to the IRS all changes in the accounts. *Id.*

IRA Services provides record keeping, reporting, and administration services for private IRA accounts. (Count. ¶ 30.) Unlike many IRA accounts, IRA Services' accounts are "self-directed," meaning that each client makes their own investment choices by directing IRA Services in writing with specific instructions. (Count. ¶ 42.) IRA Services does not give investment advice and performs no due diligence or oversight into investment choices. (Count. ¶ 31.) All clients of IRA Services agree to hold harmless and indemnify IRA Services for any investment losses. (Count. ¶ 31.)

Movants used IRA Services to invest their IRA account funds into Defendant John Miller's ponzi scheme. (Compl. ¶¶ 112-118.) After losing their investments, Movants filed this lawsuit asserting negligence and other claims against IRA Services.

IRA Services filed counterclaims against Movants for (1) breach of contract and (2) promissory estoppel. Specifically, IRA Services alleges that by filing this lawsuit Movants breached hold harmless and indemnity provisions in the account application agreements, IRA plan documents, and fund transfer requests. (Count. ¶¶ 39-41.) The contracts themselves have not been included in the Counterclaim and are not yet before the Court.

Movants bring this Motion to dismiss both counterclaims under Fed. R. Civ. Pro. 12(b)(6).

## LEGAL STANDARD

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-0764 AG (RNBx)** | Date | March 22, 2010 |
|---|---|---|---|
| Title | ALKOV, ET AL. v. MILLER, ET AL. | | |

(2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## ANALYSIS

**1.    BREACH OF CONTRACT**

The elements for breach of contract in California are "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008). Here, Movants attack the first element, arguing that the hold harmless and indemnity provisions are invalid because those provisions are unenforceable under California Civil Code § 1668. Further, Movants argue that IRA Services did not allege a breach because the contracts did not cover future negligent conduct.

    **1.1    California Civil Code § 1668**

Movants argue that the hold harmless provision violates public policy under Section 1668. But because California Civil Code § 1668 requires a detailed factual analysis to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-0764 AG (RNBx)** | Date | March 22, 2010 |
|---|---|---|---|
| Title | ALKOV, ET AL. v. MILLER, ET AL. | | |

find that the hold harmless provisions here are invalid, the Court declines to dismiss IRA Services' breach of contract counterclaim at this stage.

In general, Section 1668 invalidates all contractual hold harmless provisions that are against public policy. Under the statute, California courts apply a per se rule that hold harmless provisions contracting away liability for intentional wrongs or gross negligence are invalid. *See Halliday v. Greene*, 244 Cal. App. 2d 482, 488 (1966); *see also City of Santa Barbara v. Superior Court*, 41 Cal. 4th 747, 781 (2007). But for ordinary negligence, liability *can* be contracted away as long as there is "no public interest involved and no statute expressly prohibits it." *Gardner v. Downtown Porsche Audi*, 180 Cal. App. 3d 713, 716 (1986) (quoting 1 Witkin, *Summary of Cal. Law* § 485 (8th ed. 1973)). Provisions contracting away liability for future ordinary negligence are only invalid "when, guided by *Tunkl*'s public interest discussion, the court determines that a particular release concerns a service that transcends a purely private agreement and affects the public interest." *City of Santa Barbara v. Superior Court*, 41 Cal. 4th 747, 757 (2007) (discussing the six public policy factors in *Tunkl v. Regents of Univ. of Cal.*, 60 Cal. 2d 92 (1963)).

Because Movants are claiming ordinary negligence in addition to other intentional torts against IRA Services, the court cannot apply any per se rule. Instead, the Court must apply the *Tunkl* factors to determine the provision's enforceability. But the Court finds that it is too early to do so.

A hold harmless provision violates public policy under *Tunkl* if a court finds most if not all of the following factors exist:

> (1) It concerns a business of a type generally thought suitable for public regulation. (2) The party seeking exculpation is engaged in performing a service of great importance to the public, which is often a matter of practical necessity for some members of the public. (3) The party holds himself out as willing to perform this service for any member of the public who seeks it, or at least any member coming within certain established

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-0764 AG (RNBx)** | Date | March 22, 2010 |
|---|---|---|---|
| Title | ALKOV, ET AL. v. MILLER, ET AL. | | |

> standards. (4) As a result of the essential nature of the service, in the economic setting of the transaction, the party invoking exculpation possesses a decisive advantage of bargaining strength against any member of the public who seeks his services. (5) In exercising a superior bargaining power the party confronts the public with a standardized adhesion contract of exculpation, and makes no provision whereby a purchaser may pay additional fees and obtain protection against negligence. (6) Finally, as a result of the transaction, the person or property of the purchaser is placed under the control of the seller, subject to the risk of carelessness by the seller or his agents.

*Henrioulle v. Marin Ventures, Inc.* 20 Cal. 3d 512, 518 (1978) (quoting *Tunkl v. Regents of Univ. of Cal.* 60 Cal. 2d 92, 98-101 (1963)); *see also Rooz v. Kimmel*, 55 Cal. App. 4th 573, 589 (1997).

Movants argue that the Court should analyze the *Tunkl* factors at this early stage because contract validity is a question of law and a quick determination would better serve judicial economy. On the other hand, IRA Services argues that the record is too incomplete on a motion to dismiss, and a Section 1668 determination cannot be made on just the facts in the Counterclaim.

The Court agrees with IRA Services. First, although IRA Services alleges contracts with hold harmless and indemnity provisions, the contracts themselves are not before the court. This fact is important because the "language in a contract must be construed in the context of that instrument as a whole, and in the circumstances of that case, and cannot be found to be ambiguous in the abstract." *County of San Diego v. Ace Property & Cas. Ins. Co.*, 37 Cal. 4th 406, 415 (2005) (citing *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1265 (1992)). This legal principle especially applies here because Movants claim the ambiguous language in the contract supports finding the second *Tunkl* factor in their favor. (Movants' Suppl. Br. at 8.) The Court cannot properly determine the meaning of the contract or hold that it contains ambiguous language without first *seeing* the contract.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-0764 AG (RNBx)** | Date | March 22, 2010 |
|---|---|---|---|
| Title | ALKOV, ET AL. v. MILLER, ET AL. | | |

Second, a proper *Tunkl* analysis relies on the surrounding facts of the underlying transaction, not just the contract. For example, the fifth factor turns on whether the purchaser could have paid additional fees to obtain liability protection. *Tunkl*, 60 Cal. 2d at 99. Although Movants argue that additional protection was not available, this allegation does not exist in the Counterclaim. Similarly, the fourth factor encompasses "the economic setting of the transaction." The Court does not know at this stage who had more bargaining power during the transaction. Thus, because there are factual gaps in the evidence required to make a *Tunkl* analysis, the Court declines to decide on a motion to dismiss an issue more appropriate for summary judgment or trial.

Further, Movants have not cited a single case that performs the *Tunkl* analysis at the motion to dismiss stage. All Section 1668 cases cited by Movants were resolved at trial or on summary judgment. *See, e.g., McQuirk v. Donnelly*, 189 F.3d 793 (9th Cir. 1999) (appeal on summary judgment); *Baker Pac. Corp. v. Suttles*, 220 Cal. App. 3d 1148 (1990) (appeal from default judgment); *City of Santa Barbara*, 41 Cal. 4th at 747 (appeal from summary judgment); *Tunkl*, 60 Cal. 2d at 92 (appeal after trial); *Health Net of Cal., Inc. v. Dep't of Health Servs.*, 113 Cal. App. 4th 224 (2003) (appeal from summary judgment); *Pelletier v. Alameda Yacht Harbor*, 188 Cal. App. 3d 1551 (1986) (appeal after bench trial); *Akin v. Bus. Title Corp.*, 264 Cal. App. 2d 153 (1968) (appeal after a judgment for plaintiff).

Therefore, the Court declines to find the hold harmless provisions invalid under Section 1668 at this stage in the litigation.

### 1.2 Future Release of Liability

Movants also argue that the Counterclaim for breach of contract only alleges a general release of liability without specifically identifying future negligence. Movants correctly point out that "[a]n agreement exculpating the drafter from liability for his or her own future negligence must clearly and explicitly express that this is the intent of the parties."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-0764 AG (RNBx)** | Date | March 22, 2010 |
|---|---|---|---|
| Title | ALKOV, ET AL. v. MILLER, ET AL. | | |

*Randas v. YMCA of Metro. Los Angeles*, 17 Cal. App. 4th 158, 162 (1992) (quoting *Saenz v. Whitewater Voyages*, Inc., 226 Cal. App. 3d 758, 764 (1990)). But the Court disagrees with Movants' overall analysis.

Although Movants cite the correct law in *Randas*, they leave out the next sentence that adds context. "But '[t]o be effective, a release need not achieve perfection; only on Draftsman's Olympus is it feasible to combine the elegance of a trust indenture with the brevity of a stop sign.'" *Id.* (quoting *Nat'l & Int'l Bhd. of Street Racers*, *Inc. v. Superior Court*, 215 Cal. App. 3d 934, 938 (1989)). In other words, although the intent must be clear and unambiguous, there is no magic language.

In the Counterclaim, IRA Services alleges that, when accounts were setup, Movants held "Counter-Complainant harmless without limitation against all losses, costs, expenses, or liabilities of any nature whatsoever incurred as a result of Counter-Complainant following Counter-Defendant's investment instructions." (Count. ¶ 40.) These investment instructions were issued after the accounts were setup. (Count. ¶ 38.) Thus, the Court finds that the original contracts as alleged envisioned liability-free *future* investment instructions and these allegations are sufficient for the Court to infer that a clear agreement existed to waive liability for future instructions.

Further, Movants cite no equivalent rule for past or present conduct. Even if the contract only released liability for past conduct, IRA Services alleges a new contract was signed every time an investment instruction was issued on an existing account. (Count. ¶ 42.) Thus, it is reasonable to infer that these contracts waived liability for the current investment instruction and any past instructions.

In conclusion, Movants' arguments fail, and the court finds IRA Services alleges facts sufficient for a breach of contract claim. The request to dismiss the breach of contract claim is DENIED.

**2. PROMISSORY ESTOPPEL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 09-0764 AG (RNBx)** | Date | March 22, 2010 |
|---|---|---|---|
| Title | ALKOV, ET AL. v. MILLER, ET AL. | | |

Movants argue that IRA Services' promissory estoppel claim fails to allege a valid promise. This argument is unconvincing.

"The elements of promissory estoppel are (1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages 'measured by the extent of the obligation assumed and not performed.'" *Toscano v. Greene Music*, 124 Cal. App. 4th 685, 692 (2004) (citing 1 Witkin, *Summary of Cal. Law* §§ 249-250 (9th ed. 1987)).

Movants make the brief but strange argument that, to state a valid promise, Movants must have promised to "not be victimized by a fraudulent scheme, and further promised they would not seek redress against the culpable parties for their intentional and negligent conduct that contributed to the existence of the scheme." (Mot. 8.) Movants argue that this particular "victimization" promise was not alleged.

Here, whether or not the Movants are "victimized by a fraudulent scheme" is irrelevant. The only promise at issue is whether Movants promised to hold IRA Services harmless for ordinary negligence and thus promised not to sue IRA Services. IRA Services pleads such a hold harmless promise. (Count. ¶ 49.)

Movants also argue that any promise was void under Section 1668. As discussed previously, such a finding involves a fact intensive *Tunkl* analysis and is inappropriate on a motion to dismiss.

The request to dismiss the promissory estoppel claim is DENIED.

**DISPOSITION**

Movants' Motion is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 09-0764 AG (RNBx)** | Date | March 22, 2010 |
| Title | ALKOV, ET AL. v. MILLER, ET AL. | | |

                                                                                          :    0

Initials of Preparer    nkb